UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                           )
                                                 )
ROSARIO AUGUSTINA VILCAPOMA      )     Case No. 04-15052-SSM
                                                 )     Chapter 7
             Debtor                    )

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a motion by W. Clarkson McDow, Jr., United States Trustee, Region Four, to compel the debtor to answer certain questions that were asked at a Rule 2004 examination and to produce certain documents. A hearing was held on June 28, 2005, at which the court heard the contentions of the parties and denied the debtor's motion attempting to moot the inquiry by voluntarily dismissing her case. For the reasons stated, the court concludes that the motion to compel should be granted with respect to certain of the questions and denied as to the remainder unless the debtor is granted immunity under part V of title 18, United States Code.

<u>Background</u>

The debtor, Rosario Augustina Vilcapoma, filed a voluntary petition in this court on December 14, 2004, for relief under chapter 7 of the Bankruptcy Code and has not yet been granted a discharge.[1] Among the creditors listed on her schedules was Toyota Financial Services, which is shown as the holder of a $8,615.93 claim secured by a 2000 Toyota

---

[1] The United States Trustee has been granted an extension until September 12, 2005, to file a complaint objecting to the debtor's discharge.

1

Corolla sedan.  In the Statement of Social Security Number filed with her petition, she represented her social security number to be xxx-xx-1530.[2]  She appeared at the meeting of creditors held on January 24, 2005, and answered all the questions put to her by the trustee, including questions as to whether she had listed all her debts and assets, her marital status, prior bankruptcy filings, and ownership of a 2000 Toyota Corolla automobile.  Although she did not bring her social security card with her, she produced to the trustee some document – the nature of which is not disclosed by the transcript – corroborating the social security number used on the petition.

At some point not disclosed by the record, the United States Trustee was provided a copy of a credit application allegedly submitted by the debtor to Toyota Financial Services showing a different social security number.  The United States Trustee obtained an order from this court on March 28, 2005, authorizing the examination of the debtor under Rule 2004, Federal Rules of Bankruptcy Procedure, and directing the debtor to produce her 2002 and 2003 Federal and state income tax returns and copies of any credit applications submitted within the last 3 years.  The examination was held on April 25, 2005.  The debtor appeared at the examination but, on the advice of her attorney, refused to answer any questions other than her name and address on the ground of self-incrimination.  She also refused on the same ground to produce the credit applications which the order had directed her to produce.[3]  The United States Trustee then filed the present motion to compel the

---

[2]  The number has been redacted in this opinion in order to comply with the privacy policy of the Judicial Conference of the United States.

[3]  It is not clear either from the motion to compel or the transcript of the Rule 2004

(continued...)

2

debtor to answer the questions that were propounded at the examination and to produce the requested documents.

## Discussion

### A.

The Fifth Amendment to the Constitution of the United States provides, "No person shall be ... compelled in any criminal case to be a witness against himself...." The privilege extends to civil proceedings in which compelled testimony would provide a link in the chain of evidence needed for criminal prosecution. *Kastigar v. United States*, 406 U.S. 441, 444-45, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972). A person may invoke the privilege against self-incrimination and may refuse to answer questions if three elements are present: (1) compelled disclosure which is (2) testimonial and (3) incriminatory. *Fisher v. United States*, 425 U.S. 391, 408-09, 96 S.Ct. 1569, 1579, 48 L.Ed.2d 39 (1976). Disclosure is "testimonial" if it reflects the contents of an individual's mind. *Doe v. United States*, 487 U.S. 201, 210 n.9, 108 S.Ct. 2341, 2347 n.9, 101 L.Ed.2d 184 (1988). It is "incriminatory" if the witness has a reasonable apprehension that disclosure would tend to incriminate him or her. *Hoffman v. United States*, 341 U.S. 479, 486-87, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). As a general matter, the contents of documents are not subject to a Fifth Amendment privilege. *Fisher*, 425 U.S. at 409-10, 96 S.Ct. at 1580-81. The only exception is when the act of producing the document would itself be testimonial. This can occur in circumstances in which production would constitute a statement (1) that the document

---

[3](...continued)
examination whether the debtor produced her 2002 and 2003 Federal and state income tax returns.

exists, (2) that the person producing them has the documents, or (3) that the documents are authentic. *United States v. Doe*, 465 U.S. 605, 613 n.11, 104 S.Ct. 1237, 1242 n.11, 79 L.Ed.2d 552 (1984). Where the privilege against self-incrimination is properly invoked in a bankruptcy case, an order can be obtained from the United States District Court granting "use" immunity to the person who has invoked the privilege. § 344, Bankruptcy Code; 18 U.S.C. § 6003.

B.

The making of false statements under oath or penalty of perjury in a bankruptcy case is a federal felony. 18 U.S.C. § 152(3). It is likewise a federal felony to falsely represent a number to be one's social security number "for the purpose of obtaining anything of value from any person." 42 U.S.C. § 408(a)(7)(B). Thus, if the number certified by the debtor on the petition to be her social security number is not her social security number, she is subject to prosecution under one statute; while if the number shown on the petition is correct, and she gave Toyota Financial Services a different number in order to obtain financing for the purchase of an automobile, she is subject to prosecution under another statute. It is thus clear that answering questions as to her use of specific social security numbers could reasonably subject her to prosecution. The problem is that the debtor's invocation of the Fifth Amendment goes far beyond the questions about her use of various social security numbers. As noted, the debtor has refused, on Fifth Amendment grounds, to answer *any* questions other than her name and address, including questions that she had previously answered at the meeting of creditors. Her concern, as expressed by her attorney, is that answering those questions with no direct tendency to incriminate would be deemed a waiver

4

of her right to invoke the privilege as to the remaining questions.  The court understands such concern but believes it can be satisfied by an order specifically providing that answering specified questions will not constitute a waiver of the Fifth Amendment privilege as to other questions.

In any event, the court has reviewed the questions asked at the Rule 2004 examination, particularly as they focus on the possibility that the debtor either gave a false social security number on her petition or has used false social security numbers in obtaining credit.  The court concludes that the questions set forth on attachment A to this order pose no reasonable risk of self-incrimination and will require that the debtor answer them and will also require production of the tax returns filed by the debtor.  By contrast, the court concludes that the questions set forth on attachment B to this order could pose a reasonable risk of self-incrimination.  Accordingly, the court will compel the debtor to answer them only if use immunity is granted by the United States District Court.  Although it is a close issue, the court also concludes that production of credit applications should not be compelled absent a grant of immunity.  While the mere fact that documents may contain incriminating information is not a basis for withholding them, the act of producing the credit applications would have some testimonial value in terms of showing that the debtor submitted them (as opposed, for example, to someone else having submitted them without the debtor's knowledge).

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

      1. The motion to compel is granted with respect to the questions set forth on Attachment A to this order, and the debtor shall fully answer such questions. Answering such questions shall not be deemed a waiver of the Fifth Amendment privilege with respect to questions other than those specified. Additionally, the debtor shall, if she has not already done so, produce for inspection and copying her Federal and state income tax returns for 2002 and 2003.

      2. The motion to compel is denied with respect to the questions set forth on Attachment B to this order and production of the credit applications unless use immunity is granted by the United States District Court.[4]

      3. The clerk shall mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____   _____
　　　　　　　　　　　　　　　　Stephen S. Mitchell
Alexandria, Virginia　　　　　　United States Bankruptcy Judge

---

[4] The court nevertheless cautions the debtor that continued invocation of the privilege may allow adverse inferences to be drawn if an objection to discharge is filed and – particularly with respect to the debtor's refusal to affirm that the social security number shown on her petition is her actual social security number – may also constitute grounds for dismissal of the case with prejudice to the discharge, in a later case, of debts dischargeable in this case.

Copies to:

Jack Frankel, Esquire
Attorney-Advisor
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314
Counsel for W. Clarkson McDow, Jr., United States Trustee, Region Four

D. Marc Sarata, Esquire
Leach Travell, P.C.
1921 Gallows Road, Suite 425
Vienna, VA 22182
Counsel for the debtor

Donald F. King, Esquire
Odin, Feldman & Pittleman, P.C.
9302 Lee Highway, Suite 1100
Fairfax, VA 22031
Chapter 7 trustee

ATTACHMENT A

OBJECTIONS BASED ON INVOCATION OF FIFTH AMENDMENT PRIVILEGE
OVERRULED[5]

| Page | Line | Question |
|---|---|---|
| 6 | 2 | Have you ever used or been known by any other name? |
| 6 | 15 | What is your mother's maiden name? |
| 6 | 22 | What is your father's name? |
| 7 | 8-9 | Where do your mother and father reside? |
| 7 | 13 | Do you have any brothers or sisters? |
| 7 | 22 | What are your bothers' and sisters' names? |
| 8 | 2 | Where do your brothers and sisters reside? |
| 8 | 7 | What are their addresses? |
| 8 | 12 | How old are you, Ms. Vilcapoma? |
| 8 | 17 | Where were you born? |
| 8 | 21 | How much education do you have? |
| 9 | 6 | Are you married? |
| 9 | 11 | Do you have any children? |
| 9 | 16 | If you have any children, what are their names? |
| 9 | 20 | If you have any children, what are their ages? |
| 9 | 24 | What is your occupation? |
| 10 | 4 | Where are you employed? |
| 10 | 9 | What is your employer's address? |
| 10 | 14-16 | On December 14, 2004, did you file bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia? |
| 10 | 21 | Have you ever filed a petition in bankruptcy before? |

---

[5] Line and page references are to the transcript of the Rule 2004 examination.

| | | |
|---|---|---|
| 11 | 2-3 | I am showing you a document marked as Exhibit 2. Is this a copy of the voluntary petition you signed? |
| 11 | 9 | Did you sign this voluntary petition? |
| 14 | 15 | Have you ever obtained credit from Toyota Financial Services? |
| 14 | 21 | What type of car are you driving now? |
| 15 | 2 | Did Toyota Financial Services finance your purchase of a Toyota Corolla? |
| 15 | 8 | Did you list Toyota Financial Services as a creditor in your petition? |

ATTACHMENT B

OBJECTIONS BASED ON INVOCATION OF FIFTH AMENDMENT PRIVILEGE
SUSTAINED UNLESS IMMUNITY IS GRANTED

| Page | Line | Question |
|------|------|----------|
| 12 | 16 | What is your Social Security number? |
| 12 | 21 | Is your Social Security number xxx-xx-1530? |
| 12 | 23 | Do you have more than one Social Security number? |
| 13 | 7 | Have you ever used another Social Security number? |
| 13 | 21 | Did you sign this form [Exhibit 3, Form 21, "Statement of Social Security Number"]? |
| 14 | 2 | Did you sign this form on December 14, 2004? |
| 14 | 7 | On the Form 21, "Statement of Social Security Number," which we marked as Exhibit 3, you list that your Social Security number is xxx-xx-1530; is that correct? |
| 15 | 21-23 | I'm going to show you an exhibit marked 4. This is called, "Credit Application." You have that in front of you. Did you complete this credit application? |
| 16 | 3-6 | If you look at Exhibit 4 – the credit application – you see, in the upper right-hand corner, a Social Security number. Do you see that? Do you see the Social Security number in the upper right-hand corner? |
| 16 | 8 | Okay. That number there is xxx-xx-0012. Did you fill that number in? |
| 16 | 14 | Did you tell somebody else to fill that number in? |
| 16 | 19 | Did you sign this application – the credit application? |
| 16 | 24-25 | Have you ever used the Social Security number xxx-xx-1240? |
| 17 | 5-6 | Have you ever used the Social Security number xxx-xx-0012? |
| 17 | 11-12 | Have you ever used the Social Security number xxx-xx-1510? |
| 17 | 17-18 | Have you ever used the Social Security number xxx-xx-1520? |

| | | |
|---|---|---|
| 17 | 23-24 | Do you have any idea why these numbers would be associated with your name? |
| 18 | 4-5 | Do you know if anyone ever used your name to obtain credit? |

Case 04-15052-SSM    Doc 44    Filed 07/08/05    Entered 07/08/05 16:18:50    Desc Main
Document      Page 11 of 11